**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA CONSUELO BARCO-GUERRA, | No. 08-71736 |
| Petitioner, | Agency No. A072-776-445 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010**

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Irma Consuelo Barco-Guerra, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen deportation proceedings.  Our jurisdiction is governed by 8

U.S.C. § 1252.  Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

889, 894 (9th Cir. 2003), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Barco-Guerra's motion to reopen as untimely because it was filed over ten years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Barco-Guerra failed to demonstrate eligibility for any of the regulatory exceptions to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3). Because the untimeliness determination is dispositive, we do not reach Barco-Guerra's remaining contentions.

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**